IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JUANE´ PIERCE AND RALPH PIERCE, | ) ) ) | CIVIL NO. 19-00198 JAO-KJM |
|---|---|---|
| Plaintiffs, vs. | ) ) ) ) ) | ORDER DENYING MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(f) |
| KUALOA RANCH HAWAII, INC.; KUALOA RANCH HAWAII, INC. dba KUALOA WHERE LEGENDS ARE MADE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(f)

Before the Court is Defendant Kualoa Ranch Hawaii, Inc.'s ("Defendant") Motion to Strike Portions of Plaintiffs' Complaint Pursuant to FRCP 12(f), filed May 17, 2019. ECF No. 15. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. For the reasons articulated below, the Court HEREBY DENIES the Motion.

DISCUSSION

Defendant asks the Court to strike all paragraphs of the Complaint referencing punitive damages and the paragraph in the prayer requesting attorneys' fees and costs. Although Defendant moves to strike the foregoing contents of the

Complaint, it fails to address Federal Rule of Civil Procedure ("FRCP") 12(f)'s standard. Instead, Defendant contends that Plaintiffs Juané and Ralph Pierce's (collectively "Plaintiffs") allegations are insufficient. This Motion effectively seeks to dismiss Plaintiffs' requests for punitive damages and attorneys' fees and costs or obtain judgment as a matter of law or summary judgment as to the requests. However, such relief is appropriately the subject of an FRCP 12(b)(6) motion to dismiss, an FRCP 12(c) motion, or a motion for summary judgment. *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ("Handi–Craft's 12(f) motion was really an attempt to have certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion."). The Court lacks the authority under FRCP 12(f) "to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id.* at 974-75. Accordingly, the Motion is DENIED.

Even if FRCP 12(f) was the appropriate mechanism by which to eliminate Plaintiffs' requests for punitive damages and attorneys' fees and costs, the Court would nevertheless deny the request. FRCP 12(f) authorizes the Court to "strike

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citation omitted). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation and quotations omitted). An impertinent matter consists of a statement that does not pertain, and is not necessary, to the issues in question. *Id.* (citation omitted); *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553 (D. Haw. 1998) (noting that an allegation is impertinent when it is irrelevant). Scandalous matter casts a derogatory light on someone, most typically a party. *U.S. E.E.O.C. v. Glob. Horizons, Inc.*, 860 F. Supp. 2d 1172, 1182 (D. Haw. 2012).

As a general rule, motions to strike are disfavored because they are often used as a delaying tactic and because of the limited importance of pleadings in federal practice. *See Ollier v. Sweetwater Union High School Dist.*, 735 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010) (citation omitted). The function of a 12(f) motion is to avoid the use of time or money to litigate spurious issues, instead dispensing with those issues before trial. *Whittlestone*, 618 F.3d at 973 (citation omitted).

3

"The rationale behind granting motions to strike is to avoid prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety." *Wailua*, 183 F.R.D. at 553. Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *Id.* at 554. A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation. *Id.*

Applying FRCP 12(f)'s standard, the Court finds that Plaintiffs' requests for punitive damages and attorneys' fees and costs do not constitute "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendant has not asserted that any of these bases authorize the Court to strike the identified paragraphs of the Complaint, nor does the record warrant such relief.

First, the requests are plainly not insufficient defenses. Second, the requests are not redundant. The request for fees and costs is only mentioned in the prayer for damages and the request for punitive damages is referenced multiple times, but in connection with different claims. Third, the requests are not immaterial because they relate to Plaintiffs' claims. Fourth, the requests are not impertinent, as Plaintiffs' ability to recover punitive damages and/or fees and costs pertain directly

to the harm they allege. Finally, the requests are not scandalous because they do not cast a derogatory light on anyone.

## CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Defendant's Motion to Strike Portions of Plaintiffs' Complaint Pursuant to FRCP 12(f), filed May 17, 2019

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 29, 2019.

Jill A. Otake
United States District Judge

CV 19-000198 JAO-KJM; *Pierce v. Kualoa Ranch*; ORDER DENYING MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(f)

5